UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CAUSE NO.: |
| | ) 1:12–CR–023–02–SEB/KPF |
| | ) 1:12-cr-121-01-SEB/KPF |
| | ) Indianapolis, Indiana |
| –v– | ) **August 3rd, 2012** |
| | ) 3:30 p.m. |
| MARK JONATHAN NEWTON, | ) |
| | ) |
| Defendant. | ) |

**Before the Honorable
SARAH EVANS BARKER, JUDGE**


OFFICIAL REPORTER'S TRANSCRIPT OF
CHANGE OF PLEA


**For Government:**     A. Brant Cook, Esq.
Assistant U.S. Attorney
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN  46204


**For Defendant:**     William E. Marsh, Esq.
Gwendolyn M. Beitz, Esq.
Indiana Federal Community Defenders
111 Monument Circle
Suite 752
Indianapolis, IN  46204


**Court Reporter:**     Laura Howie–Walters, FCRR, CSR, RPR
Official Court Reporter
United States District Court
46 E. Ohio Street
Room 217
Indianapolis, Indiana  46204

PROCEEDINGS TAKEN BY MACHINE SHORTHAND
TRANSCRIPT PRODUCED BY ECLIPSE NT COMPUTER–AIDED TRANSCRIPTION

2

1              (Open court.)

2

3        THE COURT:  Good afternoon, all.  You may be seated.

4        MR. COOK:  Good afternoon, Your Honor.

5        THE COURT:  Miss Schneeman, call the matter before

6   the Court, please.

7              (Call to order of the Court)

8        THE COURT:  Okay, counsel, nice to see you all

9   today.

10        MR. MARSH:  Thank you, Your Honor.

11        MR. COOK:  Nice to see you, Your Honor.

12        THE COURT:  I trust this will end your workweek; is

13   that right?  Is this the last matter on your calendar,

14   Mr. Cook?

15        MR. COOK:  It is, Your Honor.

16        THE COURT:  And yours, Miss Beitz?

17        MS. BEITZ:  Yes.

18        THE COURT:  We don't ask that question of Mr. Marsh

19   because we know he's got one foot out to pasture.  So we don't

20   care if it's his last bit of work.  It may be the last bit of

21   work for the whole week for him.  Actually, he knows that we

22   speak with affection of him.

23        MR. MARSH:  Of course.

24        THE COURT:  This matter's on the Court's calendar

25   for entry of pleas to two matters.  One is an indictment and

1 the other is an information that's been filed.  So we'll

2 process the information to get it duly filed and then proceed

3 with the rights apprisal and the acceptance of a plea.

4           So, Ms. Beitz, would you escort Mr. Newton to the

5 podium, please.

6           MS. BEITZ:  Yes, Your Honor.

7           THE COURT:  Good afternoon.

8           THE DEFENDANT:  Good afternoon.

9           THE COURT:  Are you Mark Jonathan Newton, the same

10 person who was named by the Clerk when she just called this

11 matter?

12           THE DEFENDANT:  Yes, I am.

13           THE COURT:  Mr. Newton, what is your age now, sir?

14           THE DEFENDANT:  Forty-one.

15           THE COURT:  And how far did you go in school?

16           THE DEFENDANT:  I graduated from Cal State Long

17 Beach University.  I have a bachelor's degree, Bachelor of

18 Arts.

19           THE COURT:  So you can read and write the English

20 language?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Prior to coming to court today, have you

23 consumed any substance, alcohol, medicine or narcotic, that

24 would interfere with your ability to understand and

25 participate in this hearing?

4

1          THE DEFENDANT:  No.

2          THE COURT:  Are you under the care of a doctor for

3  any condition that might interfere?

4          THE DEFENDANT:  No.

5          THE COURT:  On February 22nd, 2012, an indictment

6  was returned against you and two others.  Did you get a copy

7  of that indictment?

8          THE DEFENDANT:  Yes, I did.

9          THE COURT:  Did you read it and go through it

10 carefully with your lawyers so you know exactly what it is

11 you've been charged with?

12         THE DEFENDANT:  Yes, I did.

13         THE COURT:  It's my understanding that pursuant to

14 plea discussions with the Government, you've consented to the

15 filing of an information that charges another offense beyond

16 the one that is in Count 1 of the indictment.  Is that true?

17 Is that your intention?

18         THE DEFENDANT:  That is correct.

19         THE COURT:  Let me tell you about this part of the

20 process.  Under United States law, the Constitution provides

21 that criminal charges of a felony sort, serious offenses it

22 refers to, can only be brought by way of a grand jury

23 indictment.

24         The grand jury is a body of 23 citizens who are not

25 hand-picked.  They are selected at random, and they're

1   impaneled to perform the important service of screening the

2   cases that the Government has investigated and seeks to

3   prosecute to make sure that there's probable cause to believe

4   that a violation of federal law has occurred, and that the

5   person who's named is the person who likely committed the

6   offense.

7            So you can see from that that the grand jury

8   performs an important function because it requires the

9   Government to satisfy the judgments of these 23 citizens as to

10   the sufficiency of the evidence and the elements of the law

11   that are alleged to have been violated, vis a vis those facts,

12   before any charge can be brought.

13            So that's a very important legal right, and it's

14   your right if you choose to exercise it.  That is exactly the

15   way the indictment was returned.  It came through the grand

16   jury.  They evaluated the Government's evidence and decided to

17   return this charge having found probable cause to believe that

18   an offense was committed, and that you and the others did it.

19   So it's the way in which a charge is brought.

20            You have indicated, and I've been so informed, that

21   you intend to waive your right to have the grand jury evaluate

22   that evidence, and have consented to the filing of a charge by

23   the United States Attorney --

24            THE DEFENDANT:  Yes.

25            THE COURT:  -- that will basically charge you in a

1   second cause number, in which you're the only defendant, with

2   the offense of conspiracy to possess child pornography in

3   violation of Title 18, United States Code, Sections

4   2252(a)4(b) and (b)(2).  Is that what you intend to do?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Is that how you understand your rights,

7   sir?

8            THE DEFENDANT:  Yes.

9            THE COURT:  In terms of waiving your right to an

10   indictment, did anyone persuade you or coerce you against your

11   will to make that decision?

12            THE DEFENDANT:  No.

13            THE COURT:  Do you wish to proceed on the basis of

14   the charge that's been brought by the United States Attorney

15   rather than the grand jury?

16            THE DEFENDANT:  Yes, I do.

17            THE COURT:  Miss Beitz, I'll hand to you these

18   forms.  There are four copies, and they need to be signed by

19   Mr. Newton and by you, and then by me.  So I'll give them to

20   you.  You need my pen?  Do you have a pen?

21            MS. BEITZ:  Mr. Marsh has a pen.

22            THE COURT:  Mr. Marsh has a pen.

23            Can you write with your restraints on?

24            THE DEFENDANT:  I'll try.

25            THE COURT:  I've received back the signed waivers,

1  and I will sign them as the judicial officer before whom they

2  were executed.  I will give them to you, Miss Schneeman, and

3  you can distribute them as need be.  Thank you.

4          Mr. Newton, the charge that's brought against you in

5  the -- I'm going to refer to it as the "Powell" indictment,

6  although you're the defendant named in it, but I think that

7  will clarify because we have the indictment that I'll call the

8  Powell indictment is against you and Mr. John Rex Powell and

9  Peter Truong; and the Newton indictment that you've just -- or

10 the Newton information is just against you.

11         So I'll refer to it as the Powell charge or the

12 indictment, that will be one; or the Newton charge which is

13 the information against you, all right?

14         THE DEFENDANT:  Okay.

15         THE COURT:  So in the indictment that was filed on

16 February 22nd, 2012, I asked you if you read through that and

17 you said yes.

18         THE DEFENDANT:  Yes, I did.

19         THE COURT:  You understood what was charged there,

20 right?

21         THE DEFENDANT:  Yes.

22         THE COURT:  That offense alleges in Count 1, which

23 is the count that you intend to plead guilty to, as I

24 understand, a conspiracy to sexually exploit a child, Boy 1,

25 in violation of Title 18, United States Code, Section 2251(a)

1  and (e).  Is that your understanding of the nature of that

2  charge?

3           THE DEFENDANT:  Yes.

4           THE COURT:  The charge in the information that has

5  been filed charges the offense of conspiracy to possess child

6  pornography.  Is that your understanding of that charge?

7           THE DEFENDANT:  Yes.

8           THE COURT:  And have you read that information as

9  well?

10           THE DEFENDANT:  Yes, I have.

11           THE COURT:  Before you could be found guilty of

12  either or both of these charges, the Government would have to

13  have evidence to prove the essential legal elements of the

14  charges.

15           That means the important legal subparts.  Each has

16  to be proven by the Government's evidence beyond a reasonable

17  doubt.  That's true whether you go to trial or whether the

18  matter proceeds before me to accept a plea.

19           Do you understand that, sir?

20           THE DEFENDANT:  Yes, I do.

21           THE COURT:  Do you waive the formal reading of these

22  charging documents, the indictment and the information, today?

23           THE DEFENDANT:  Yes, I'll waive that.

24           THE COURT:  The possible maximum penalties that you

25  face upon a conviction are as follows:  For the indictment,

9

1   the statute sets the penalties as follows:  The period of

2   incarceration is 15 to 30 years.  The maximum fine is

3   $250,000.  The term of supervised release is up to life.  So

4   those are the penalties for the indictment.

5           The penalties for the information are as

6   follows:  The maximum penalty is ten years imprisonment.  The

7   maximum fine is $250,000.  A life term of supervised release

8   is the maximum on that as well.

9           There's a special assessment of a hundred dollars

10  per count, so a total of $200 for the special assessment,

11  which is a nonwaivable fee that has to be paid to the Clerk of

12  the Court.  And there is also a requirement of mandatory

13  restitution to Boy 1 and Boy 2 as part of the penalties.

14          Do you understand that?

15          THE DEFENDANT:  Yes, I do.

16          THE COURT:  When I say that these are the penalties

17  that are set by statute, that means they're written into the

18  law, and no lawfully-imposed sentence can go beyond these

19  boundaries, the boundaries with respect to supervised release.

20  It may be harder to go beyond life, but I can tell you, as a

21  principle, that the statutory boundaries confine my discretion

22  as to any sentence that's imposed.

23          Later when we convene to determine what sentence is

24  appropriate, we will go through a sentencing guideline

25  determination process.  That won't be today.  It will probably

1   be the next time we meet.  I mention it now just so you

2   understand the difference between the guidelines and the

3   statutory penalties.  Do you understand that, sir?

4           THE DEFENDANT:  Yes, I do.

5           THE COURT:  I indicated to you previously that the

6   essential elements have to be proven up by the Government's

7   evidence beyond a reasonable doubt before you could be found

8   guilty of either or both of these charges.

9           In the plea agreement, the elements are laid out

10  there.  So I'm just making reference to that again so you know

11  what it is I'm referring to.  It's on pages two and three of

12  the plea agreement.

13          So does that bring that to mind so that you know

14  what I'm referring to when I say the "essential elements"?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you have any questions you want to

17  ask me about either of the charges against you or the

18  statutory penalties?

19          THE DEFENDANT:  No, Your Honor.

20          THE COURT:  Or the essential elements?

21          THE DEFENDANT:  No.

22          THE COURT:  Now, returning to the plea agreement

23  that you've entered into, let me ask you a question.  This was

24  filed on August 2nd, 2012.  Did you read that before you

25  signed it?

1        THE DEFENDANT:  Yes, I did.

2        THE COURT:  And did you have sufficient time to

3  discuss it with your lawyers so you know exactly what's

4  included in it and what the consequences are of your embarking

5  on this process of pleading guilty?

6        THE DEFENDANT:  Yes, I did.

7        THE COURT:  As you went along, did you ask your

8  questions of them and were they able to answer them for you?

9        THE DEFENDANT:  I asked and they answered, yes.

10        THE COURT:  Is this agreement that's written here

11  and filed with the Court, is that the entire agreement that

12  exists between you and the Government?

13        THE DEFENDANT:  Yes.

14        THE COURT:  Is there anything left out that you

15  think is binding on Mr. Cook or the Government that should

16  have been in here?

17        THE DEFENDANT:  No.

18        THE COURT:  Did anyone persuade or coerce you

19  against your will to enter into this agreement?

20        THE DEFENDANT:  No.

21        THE COURT:  Was this a decision you made after

22  considering the advice of counsel, but otherwise on your own?

23        THE DEFENDANT:  Yes.

24        THE COURT:  I'm not going to read it all back to

25  you, that doesn't seem necessary, but I want to hit a couple

1   of the high points.

2          The plea that you have entered into, the plea

3   agreement, provides that you will leave the sentence to me to

4   decide at the conclusion of these proceedings.  I'll do that

5   after I hear from everyone and take into account all the

6   appropriate factors and the circumstances of your case, but

7   otherwise, it's a matter you're entrusting to my discretion.

8   Is that what you intend to do?

9          THE DEFENDANT:  Yes.

10          THE COURT:  The Government's going to dismiss

11   Counts 2 and 4 in the indictment as they apply to you as part

12   of the plea agreement, and you have also agreed to waive your

13   right to appeal the sentence that's imposed so long as the

14   Court accepts your plea agreement and proceeds accordingly.

15   There are no other conditions on your appeal waiver.  Is that

16   what you intended to do?

17          THE DEFENDANT:  Yes, it is.

18          MR. MARSH:  Your Honor, could I interject one thing?

19          THE COURT:  Yes.

20          MR. MARSH:  The Government's going to dismiss

21   Counts 2, 3 and 4.  The plea agreement says 2 through 4.

22          THE COURT:  I'm sorry, I missed that, and so thank

23   you for the correction; 2, 3 and 4.  I didn't look back to see

24   if he was charged in 3, so thank you for that clarification.

25          With respect to the appeal waiver, let me just

1  return to that for a minute, Mr. Newton.

2           That right to appeal the sentence that's imposed is

3  another valuable right.  It's a right in that respect that's

4  not unlike your right to have the grand jury review the

5  evidence and make a decision about the bringing of a charge,

6  but this is the right to appeal the decision that will be made

7  with respect to your sentence.

8           So it's a valuable right in the sense that it has

9  meaning and consequence, but like other legal rights, it's a

10  right you can give up in whole or in part as long as you

11  understand what you're doing and choose to do it voluntarily.

12           So is that how you understood that right to appeal?

13           THE DEFENDANT:  Yes, it is.

14           THE COURT:  And is that what you concluded when you

15  agreed to waive your right to appeal?

16           THE DEFENDANT:  Yes, it is.

17           THE COURT:  All right.  Did anyone persuade you or

18  coerce you against your will with respect to that specific

19  right?

20           THE DEFENDANT:  No.

21           THE COURT:  Now, Mr. Marsh and Ms. Beitz are your

22  court-appointed counsel; is that right?

23           THE DEFENDANT:  Yes.

24           THE COURT:  And are you satisfied with their

25  representation?

1          THE DEFENDANT:  Yes, I am.

2          THE COURT:  As good as the lawyers are, and these

3   are very good, it's nonetheless incumbent upon the defendant,

4   you, to equip them to give you reliable legal advice by giving

5   a full disclosure to them about your involvement in a

6   particular offense that's before the Court, or offenses in

7   your case.

8          So it starts with a full disclosure by you of the

9   facts and circumstances that gave rise to these charges

10  against you.  Have you told them everything truthfully about

11  your involvement in these offenses?

12         THE DEFENDANT:  Yes, I have.

13         THE COURT:  If you've made a full, candid disclosure

14  to them, I'm confident you can rely on their legal advice.

15  All right?

16         THE DEFENDANT:  (Witness nodded head.)

17         THE COURT:  Let me explain to you what rights would

18  be yours and what procedures we would follow if you did not

19  enter a plea of guilty.

20         If you did not plead guilty to the charges against

21  you, the matters would be set down for trial.  The trial would

22  occur here in our courtroom where you are today.  And prior to

23  the commencement of trial, we would send out summonses to

24  people who live in central Indiana whose names are chosen at

25  random through a computer selection process using the public

1  documents of those counties.

2          We would direct those people so summoned to come in

3  to court on that first morning of trial to be inquired of as

4  to their fitness and availability to serve as jurors.

5          Whether or not a person qualifies to serve as a

6  juror in a particular trial turns on whether they can be fair

7  and impartial.  Fair and impartial in this context means that

8  they have to be able and willing to render a verdict just on

9  the evidence that's presented during the trial and follow my

10 instructions on the law.

11         So we go through this question-and-answer process.

12 They answer under oath so we can rely on the truthfulness of

13 their answers.  And when we have 12 people about whom we have

14 a high level of assurance that they can be fair and impartial,

15 as I just defined it, we impanel them to hear and decide your

16 case.

17         At that point, Mr. Cook goes forward with the

18 Government's evidence in an effort to prove to the jury's

19 satisfaction beyond a reasonable doubt that you're guilty as

20 charged.

21         So that's the point at which the Government has to

22 aim in terms of the convincing force of its evidence.  It's a

23 pretty high standard.  So Mr. Cook will attempt to achieve

24 that goal of proving your guilt beyond a reasonable doubt by

25 calling witnesses and presenting whatever other evidence

1 they've gathered in the course of their investigation.

2         As he completes his questioning of each witness,

3 Miss Beitz or Mr. Marsh can cross-examine the witnesses the

4 Government's called.  As he proffers evidence for the jury's

5 consideration, if Ms. Beitz thinks that it's not proper for

6 the jury to consider some item of evidence, she can object,

7 and I'll make a ruling as to whether under the rules of

8 evidence the jury can properly consider that evidence.

9         At the conclusion of the Government's case, when the

10 Government rests and Mr. Cook so announces, then you can

11 decide if you want to testify in your own defense and/or call

12 witnesses on your behalf.  There's no obligation that you do

13 either of those things.  You're presumed innocent of these

14 charges throughout the trial.  You're presumed innocent as you

15 stand before me right now.  You're presumed innocent unless

16 and until a jury concludes otherwise or you've pled guilty.

17         So at the trial, if you had persisted in your not

18 guilty plea and the Government had finished its evidence, you

19 could decide if you wanted to testify in your own defense

20 and/or call witnesses, but I repeat, you're not obligated to

21 do that.  You have an absolute right not to testify and not to

22 call witnesses.  And I so instruct the jury.

23         You're presumed innocent of these charges, so you

24 don't have to prove your innocence.  You don't have to

25 disprove the Government's case.  Whether or not you present

 1  any evidence, the jury's responsibility is the same.  It has

 2  to decide has the Government proven the case beyond a

 3  reasonable doubt.

 4         So you may testify if you wish, but you're not

 5  obligated to.  Same with your witnesses, you may call

 6  witnesses if you wish to.  If you choose to, you have the

 7  Court's subpoena power available to you the same as the

 8  Government, but there's no obligation that you call witnesses,

 9  and I so instruct the jury.  I tell them that is your right

10  and they cannot make their decision on that basis.  But if you

11  present evidence, either yours or your witnesses, then your

12  lawyers lead off and the Government cross-examines.

13         After all the evidence is presented, the lawyers

14  make closing arguments to explain and interpret the evidence

15  from their perspectives for the jury, and I instruct the jury

16  on the rules of law to guide them in their deliberations.  So

17  I cover these things we've just talked about.  The Government

18  has the burden of proving these charges beyond a reasonable

19  doubt.  You're presumed innocent of them.  You have no

20  obligation to testify or call witnesses.  And there are quite

21  a number of other instructions, but one other important one is

22  I tell the jury they have to all 12 agree.  So their verdict

23  must be unanimous.

24         At the conclusion of my instructions, the jury

25  retires to its jury room.  They go out the door I just came in

1 but they go upstairs to their jury room where they deliberate

2 in private.

3         When they've reached a unanimous verdict, they

4 notify us of that.  They return here to the courtroom and take

5 their seats over here in the jury box and announce their

6 verdict.

7         If they find you guilty of one or more of these

8 charges, I'll set the matter down for sentencing at some

9 future time.  If they find you not guilty of all of these

10 charges, I'll dismiss these cases as to you and relieve you of

11 any terms of bond and you'd be free to go.

12         If for some reason the jury can't all reach a

13 unanimous verdict, I will declare a mistrial, and the

14 Government will decide whether to try the case again to

15 another jury at a future time.

16         If you're found guilty, and you're concerned that

17 your rights hadn't been properly protected during the trial,

18 you can raise those issues with the Court of Appeals.  The

19 Court of Appeals that reviews the work of this court and the

20 trials and the decisions that are made here sits in Chicago.

21 Three judges of that court review the record of our

22 proceedings.

23         You see our court reporter's making a record of this

24 hearing.  She's getting down each word that we're saying, and

25 she would as well of the trial, and on that basis the lawyers

1 would frame their arguments and make their contentions known

2 to the Court of Appeals.  And the Court of Appeals would

3 review the record of this trial to see if everything happened

4 in a legally-acceptable way.

5          If the Court affirms your conviction, and you're

6 still concerned that your rights hadn't been properly

7 protected during your trial, you can ask the Supreme Court of

8 the United States in Washington to review the decision of the

9 Court of Appeals and the trial record from the proceedings

10 here.

11          I say you can ask the Supreme Court.  You don't have

12 a guaranteed right of review.  There are only nine justices,

13 as you probably know, and they're asked to take cases from all

14 over the country.  They can't possibly take them all but you

15 would have a right to ask them to consider yours.

16          So that's an explanation of your rights and the

17 procedures we would follow if this matter went to trial

18 instead of proceeding by your pleas today.  Do you understand

19 my explanation?

20          THE DEFENDANT:  Yes, I do.

21          THE COURT:  Is what I've told you basically what

22 your lawyers have told you?

23          THE DEFENDANT:  Yes, it is.

24          THE COURT:  Do you understand that if you enter your

25 plea and I accept it, that you're giving up your right to a

1  trial and to an appeal, we say, on the merits, which means an

2  appeal that tests the sufficiency of the Government's

3  evidence?  Do you understand that?

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  Is that what you want to do?

6          THE DEFENDANT:  Yes, I do.

7          THE COURT:  Has anyone persuaded you or coerced you

8  against your will to make that decision?

9          THE DEFENDANT:  No.

10         THE COURT:  You likely will give up your right to

11 appeal the sentence as well.  It's not automatic but that's

12 part of your plea agreement.  So that may be a consequence as

13 well of your pleading guilty.  Do you understand?

14         THE DEFENDANT:  Yes, I do.

15         THE COURT:  Do you have any questions you want to

16 ask me about any of these rights or procedures?

17         THE DEFENDANT:  No, Your Honor.

18         THE COURT:  I read a factual statement at the

19 conclusion of the plea agreement.  Is that what you intend to

20 present as the stipulated factual basis or do you want to call

21 your agent?

22         MR. COOK:  Your Honor, the Government would rest on

23 that factual basis that's attached to the plea agreement.

24         THE COURT:  Okay.  This is the four-page -- the last

25 page is all signatures, so really three pages of factual

1  explication with respect to the facts of these cases against

2  you, Mr. Newton.

3           Is that your understanding as well, Miss Beitz?

4           MS. BEITZ:  Yes, Your Honor, it is.

5           THE COURT:  Let me ask you, Mr. Cook, about this

6  summary.  Is this evidence as attached to the plea agreement

7  an accurate summary of the evidence the Government would be

8  prepared to adduce if these matters went to trial?

9           MR. COOK:  It is, Your Honor.

10          THE COURT:  And in your judgment, recognizing your

11 obligations as the Government's lawyer, would this evidence,

12 if presented to a reasonable jury, permit a finding of guilt

13 beyond a reasonable doubt as to these two charges against

14 Mr. Newton and each of the essential elements of the same?

15          MR. COOK:  It would, Your Honor.

16          THE COURT:  If your agent were called to testify

17 under oath today to the facts that underlie these charges, are

18 the facts that are summarized here the facts he'd testify to?

19          MR. COOK:  Yes, Your Honor.

20          THE COURT:  Miss Beitz and Mr. Marsh, I know you've

21 done the discovery of the Government's evidence and so forth,

22 and having reviewed this summary, are you also persuaded that

23 the Government has this evidence available to it if the matter

24 were to go to trial?

25          MS. BEITZ:  Yes, Your Honor.

22

1          THE COURT:  And is it your judgment as well, Miss

2   Beitz, that this evidence would support a verdict of guilty

3   beyond a reasonable doubt as to these two charges if a

4   reasonable jury were so to conclude?

5          MS. BEITZ:  Yes, Your Honor.

6          THE COURT:  And have you so advised your client?

7          MS. BEITZ:  I have, Your Honor.

8          THE COURT:  Mr. Newton, did you read this summary

9   before you signed it?

10          THE DEFENDANT:  Yes, I did.

11          THE COURT:  When you signed it, was it an indication

12   that you had no objection to what's written here?

13          THE DEFENDANT:  That is correct.

14          THE COURT:  Is what's written here true as far as

15   you know?

16          THE DEFENDANT:  Yes, it is.

17          THE COURT:  Did you do what it says you did here?

18          THE DEFENDANT:  Yes, I did.

19          THE COURT:  My own review of this factual summary

20   allows me to conclude as well that it is sufficient as the

21   factual basis for the charges against Mr. Newton, and so I

22   accept it as such, and on that basis, will proceed to inquire

23   as to his plea.

24          Having made these explanations to you about your

25   legal rights, Mr. Newton, and having satisfied myself that you

1  understand the circumstances you find yourself in, and that

2  you understand further the consequences of embarking on the

3  path that you've indicated you intend to follow in pleading

4  guilty, I put the question to you:  How do you plead to the

5  charge against you, first in the indictment, guilty or not

6  guilty?

7          THE DEFENDANT:  Guilty.

8          THE COURT:  And how do you plead, sir, to the charge

9  against you in the information, guilty or not guilty?

10         THE DEFENDANT:  Guilty.

11         THE COURT:  It is the finding of the Court in the

12 cases of United States of America versus Mark Jonathan Newton

13 that Mr. Newton is fully competent and capable of entering

14 informed pleas, that he's aware of the nature of the charges

15 in both cases and the consequences of his pleas, that his

16 pleas of guilty are knowing and voluntary pleas supported in

17 each instance by an independent basis in fact containing each

18 of the essential elements of each of these two offenses.  His

19 pleas are therefore accepted and he's now adjudged guilty of

20 the offense charged in the indictment and the offense charged

21 in the information.

22         The next step in our procedures, Mr. Newton, is for

23 the probation department to prepare a Presentence

24 Investigation Report.  That's an important part of the

25 proceedings because it tees up the issues basically for the

1  Court to consider at the time of sentencing.  You'll be

2  interviewed for that, and you'll want to have Ms. Beitz with

3  you during that interview because, as I said, it's an

4  important step in the process.

5          We'll enlist the probation department to accomplish

6  this task.  When they have completed their report, they'll

7  send it around for everyone to review and comment upon, and

8  that will set the stage for our sentencing hearing which will

9  probably be the next time that you and I see each other.  So

10 that's what's yet to come.

11         Do you understand that?

12         THE DEFENDANT:  Yes, I do.

13         THE COURT:  Is there anything further for the Court

14 today, Ms. Beitz?

15         MS. BEITZ:  Nothing from the defense, Your Honor.

16         THE COURT:  From you, Mr. Cook?

17         MR. COOK:  Your Honor, I have one, I suppose,

18 clerical point to raise, and it's with regard to the

19 information.

20         I don't think, you know, the guilty plea aspect, I

21 don't think this affects that.

22         Customarily -- and I believe that this has to do

23 with the fact that a waiver of indictment has to be done on

24 the record as the Court has done today -- at the initial

25 appearance, the information is customarily ordered.  We filed

1  as of that date in order to reflect the fact that it then can

2  officially be filed because the right to indictment has been

3  waived.

4          So I do ask the Court to order it refiled as of this

5  date.  Again, I don't think that would have any effect on the

6  substance of the guilty plea.

7          THE COURT:  We'll have the docket reflect

8  accordingly.  That's a nice little tidy point for you to bring

9  to my attention since I don't usually do the preliminary

10 appearances.

11         MR. COOK:  Right, and I'm sorry I didn't mention it

12 earlier.  I didn't want to interrupt you, Judge.

13         THE COURT:  That's fine.

14         So I'll remand you to the custody of the marshal,

15 Mr. Newton, to continue in custody until your next appearance

16 and the final decisions are made by the Court at that time.

17 All right, sir?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Okay.  Thank you, Counsel.

20         MR. MARSH:  Thank you, Judge.

21              (Court adjourned at 4:20 p.m.)

22

23

24

25

CERTIFICATE OF COURT REPORTER


I, Laura Howie-Walters, hereby certify that the foregoing is a true and correct transcript from reported proceedings in the above-entitled matter.


/S/LAURA HOWIE-WALTERS   June 2nd, 2015

LAURA HOWIE-WALTERS, FCRR, RPR, CSR
Official Court Reporter
Southern District of Indiana
Indianapolis Division